IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TODD CHRISLEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. _____ |
| ) | |
| HOMEBANC MORTGAGE ) | |
| CORPORATION, as last transferred ) | |
| to U.S. Bank National Association, as ) | |
| Indentured Trustee for HomeBanc ) | |
| Mortgage Loan Trust 2005-1, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

1.

This is an action for damages and injunctive relief brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA), for noncompliance by Defendant with the provisions of the FCRA.

2.

The jurisdiction of this court is conferred by 15 U.S.C. § 1681(p). Venue is proper before this court pursuant to 28 U.S.C. § 1391(c).

1

3.

Plaintiff is an individual and a resident of Los Angeles County, California.

4.

HomeBanc Mortgage Corporation ("HomeBanc") was the original lender in the financing transaction at issue in this action.

5.

Defendant U.S. Bank National Association ("U.S. Bank"), as Indentured Trustee for Homebanc Mortgage Trust 2005-1, is a corporation not registered to conduct business in the state of Georgia; however, the acts occurred within the State of Georgia, and Fulton County, specifically, and thus jurisdiction and venue are proper. Defendant must be served by process through the Secretary of State of Georgia.

6.

Defendant U.S. Bank, as defined herein, is subject to the jurisdiction of this Court pursuant to 15 U.S.C. §§ 1681 et seq. (FCRA) and 15 U.S.C. §§ 1692-1692p, the Fair Debt Collection Practices Act (FDCPA).

## FACTS

7.

Plaintiff was the owner of certain real property located at 4015 Anson Avenue, Alpharetta, Fulton County, Georgia 30022 (the "Property").

8.

A Security Instrument dated October 29, 2004, in favor of HomeBanc Mortgage Corporation, recorded in Deed Book 38840, Page 558, Fulton County, Georgia Records, as last transferred to U.S. Bank National Association, as Indentured Trustee for HomeBanc Mortgage Loan Trust 2005-1 by assignment recorded in Deed Book 53415, Page 597, Fulton County, Georgia Records, purports to attach as security to the Property (the "Mortgage"). HomeBanc Mortgage Corporation, its successors, assigns are hereby referred to as the "Lender".

9.

The signature which is affixed on the various lines of the Mortgage, and its accompanying documents, which says "Borrower" is not the signature of the Plaintiff.

10.

Plaintiff did not sign the Mortgage or the accompanying documents and the same contains a forgery of Plaintiff's name.

11.

Plaintiff believes that a former business partner signed his name on the Mortgage and made various payments on the Mortgage on his behalf.

12.

Plaintiff did not discover the Mortgage until years after the Mortgage was made.

13.

Due to Plaintiff's dealings with this business partner, Plaintiff was forced to file bankruptcy on behalf of himself and his business.

14.

The Mortgage was not a proper security instrument as it was forged. However, Lender has declared the Mortgage in default on numerous occasions, has reported negatively against Plaintiff's credit rating, and has demanded payoff sums from Plaintiff.

15.

Over the last three years, Plaintiff has informed the Lender of the inaccuracy and illegitimacy of the Mortgage, that the loan documents were not signed by him and are, in fact, a forgery.

16.

Evidence of the forgery in the forms of testimony under of oath by the forger of the Loan, and the witness to the forgery, was presented to the Lender and its attorneys on multiple occasions.

17.

Multiple requests to void the Mortgage were made by Plaintiff to the Lender.

18.

Over a year ago, the Lender agreed that it would accept the sum of $370,000 to fully satisfy the loan and not foreclosure on the Property.

19.

Plaintiff agreed to pay the sum of $370,000.00 only if the Lender agreed to keep any foreclosure actions in forbearance, and so as long as the continued FCRA violations be corrected and the Mortgage stopped being reported as being deficient.

20.

Instead of resolution, the Lender commenced foreclosure activity, which necessitated the filing of a lawsuit by Plaintiff to stop the same.

21.

An affidavit of forgery was filed in the Real Property Records and a lawsuit was filed in the Superior Court of Fulton County to address the forgery.

22.

Plaintiff in an attempt to mitigate his damages was able to obtain a contract for sale of the Property.

23.

In June 2017, in an effort to mitigate his damages, Plaintiff sold the property and provided a payoff to the Lender in the amount of $402, 000, under written protest. Plaintiff informed the Lender in his protest letter that the quoted payoff amount is inaccurate and should have been $370,000.

24.

The Mortgage needs to be removed from the monthly credit reporting tape such that no further reporting of the Mortgage as to Plaintiff is effectuated.

## COUNT I

## FAIR CREDIT/FAIR DEBT VIOLATIONS

25.

Plaintiff incorporates by reference all prior allegations as if set forth herein.

26.

Plaintiff is a "consumer" as this term is defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act.

27.

Defendant is a "person" as defined by 15 U.S.C.A. § 1681a(b) of the Fair Credit Reporting Act.

28.

Defendant is reporting derogatory information about Plaintiff to one or more consumer reporting agencies as defined by 15 U.S.C. § 1681a.

29.

Plaintiff has disputed the accuracy of the derogatory information reported by the Defendant to the Consumer Reporting Agencies.

30.

Defendant has not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

31.

Defendant has failed to comply with 15 U.S.C. § 1692g in that it has not within five (5) days of Plaintiff's initial communication (nor at any other time) sent Plaintiff

written documentation of the amount of the debt, the name of the original creditor, nor other information required by the Fair Credit Reporting Act.

32.

Defendant has failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day period as required by 15 U.S.C. § 1891s-2.

33.

Defendant has not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the five (5) days required by 15 U.S.C. § 1681s-2 nor at any other time.

34.

To the date of filing this Complaint, Defendant has refused and/or neglected to remove the false and derogatory entries on Plaintiff's credit report.

35.

Despite the insistence of the Plaintiff, Defendant failed to correct the errors and failed to undertake sufficient investigations on being notified of the errors.

36.

In the entire course of its actions, Defendant willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

(a) By willfully and/or negligently failing, in the preparation of the consumer report concerning the Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

(b) By willfully and/or negligently furnishing to Plaintiff's potential creditors information about the Plaintiff that Defendant knew, or should have known, was incomplete and/or inaccurate;

(c) By willfully and/or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation or reinvestigation;

(d) By willfully and/or negligently failing to conduct an adequate investigation or reinvestigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of the investigations were known, or should have been known, to the Defendant;

(e)     By willfully and/or negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary of the Plaintiff's statement of dispute; and

(f)     By willfully and/or negligently failing to have proper procedures and apparatus in place that would promptly and accurately delete or correct any incorrect, incomplete, or inaccurate credit reporting.

37.

Defendant has an obligation under 15 U.S.C. § 1681i to promptly reinvestigate disputed negative credit information and to promptly delete such information when the reinvestigation establishes that is should be removed. Defendant has willfully and/or negligently continued to report the derogatory information and has continued to publish such information to persons who have requested Plaintiff's credit reports.

38.

As a direct and proximate result of the actions of the Defendant, Plaintiff has been damaged in an amount which will be proved at time of trial. As provided under the Fair Credit Reporting Act, Plaintiff is entitled to actual damages, damage to credit reputation and creditworthiness, statutory penalties, punitive damages, costs, and attorney's fees.

## **COUNT II**

## **UNJUST ENRICHMENT/BREACH OF CONTRACT**

39.

Plaintiff incorporates by reference all prior allegations as if set forth herein.

40.

By retaining the extra $32,000 paid towards the payoff, in violation of the agreement between Plaintiff and Defendant, the Defendant has been unjustly enriched at the expense of the Plaintiff.

41.

The payoff is inaccurate as it is $32,000 in excess. Plaintiff demands the immediate return of $32,000 from the Lender as well as the correction of his credit by Lender to reverse all derogatory reporting on his credit history on the Mortgage.

WHEREFORE, Plaintiff requests judgment Defendant for:

(a) Actual, general, and special damages according to proof at trial;

(b) Punitive damages against Defendant;

(c) Plaintiff seeks a reasonable and fair judgment against Defendant for its willful noncompliance of the Fair Credit Reporting Act and further seeks his statutory remedies as defined by 15 U.S.C. § 1681n and demands;

(d) Payment by Defendant of the sum of $32,000 to Plaintiff to account for the unjust enrichment of Defendant;

(e) Attorney's fees;

(f) Costs of suit; and

(g) Such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of January, 2018.

                THE GILROY FIRM


                /s/ Monica K. Gilroy
                MONICA K. GILROY
                Georgia Bar No. 427520
                KELSEA L. S. LAUN
                Georgia Bar No. 141960
                ATTORNEYS FOR PLAINTIFF

3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com
       kelsea.laun@gilroyfirm.com

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel for Plaintiff Todd Chrisley certifies that the within and foregoing Complaint was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.).

This 5th day of January, 2018.

            /s/ Monica K. Gilroy
            MONICA K. GILROY
            Georgia Bar No. 427520
            ATTORNEY FOR PLAINTIFF

THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com